DKC 13 CV 2920

FILED ___ ENTERED
LODGED ___ RECEIVED

OCT 03 2013

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEP

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

TILDEN WOODS RECREATION ASSOCIATION, INC., )
12026 Whippoorwill Lane )
Bethesda, Maryland 20852 )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　 )   Case No. 379563-V
v. )
　　　　　　　　　　　　　　　　　　　　　　　 )
THE CINCINNATI INSURANCE COMPANY, )
SERVE:　　Therese M. Goldsmith )
　　　　　　　Insurance Commissioner )
　　　　　　　Maryland Insurance Administration )
　　　　　　　525 St. Paul Place, Suite 2700 )
　　　　　　　Baltimore, Maryland 21202 )
　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendant. )

RECEIVED
JUL 23 2013
Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT

Tilden Woods Recreation Association (hereinafter "Plaintiff" or "Insured"), by its undersigned counsel, sues The Cincinnati Insurance Company (hereinafter either "Cincinnati" or "Insurer" or "Insurance Company") on the following counts:

### FACTS COMMON TO ALL COUNTS

1. The Plaintiff, Tilden Woods Recreation Center, is located at 6806 Tilden Lane, Bethesda, Maryland 20852 (the "Insured Property").

2. At all times relevant hereto, the Plaintiff owned or had a legal and insurable interest in the Insured Property.

3. The Defendant, The Cincinnati Insurance Company insured the Insured Property at all times relevant hereto under a policy of Insurance (the "Policy").

4. Under that policy the Covered Property included the Buildings, Fixtures, including outdoor fixtures, awnings and canopies, signs, machinery and equipment, arbors and other property located at the Insured Property. This included a rectangular main pool and a circular children's pool (the "Children's Pool").

5. The Policy constitutes a contract between the Plaintiff and the Defendant, by which the Insurance Company agreed to accept certain risks and insure the property and operations in accordance with the Policy, and by which Plaintiff agreed to pay a premium, all of which premiums applicable to the Policy have been paid by the Plaintiff.

6. Cincinnati was the sole drafter of the policy and it alone chose the policy language.

7. The Insured Property sustained loss and damage from a storm which occurred on or about June 29, 2012, which was unexpected or unforeseen (hereinafter the "Loss").

8. The Loss included a windstorm and included lightening, windblown debris and other damages associated with a windstorm.

9. The loss and damage was to the entire pool area and a claim was made with, and accepted by Cincinnati.

10. Prior to the storm the Children's Pool held water and did not leak and did not exhibit any substantial cracking.

11. The storm damaged various aspects of the Insured Property including outdoor fixtures near the Children's Pool.

12. Following the storm new damage was observed to the Children's Pool which did not previously exist and was clearly resulting from the storm.

13. Following the storm the Children's Pool did not hold water as it had just prior to the storm.

14. Plaintiff immediately reported the damage, however, Cincinnati delayed in adjusting the loss.

15. Temporary repairs were made to the Children's Pool but permanent repairs or replacement are needed.

16. More than two months after the storm, and after the temporary repairs were effected, Cincinnati sent its vendor to the area to inspect the pool, however, that vendor did not inspect the damage to the pool which had been covered by the temporary repairs.

17. Cincinnati after that inspection has failed and refused to adjust the loss in good faith.

18. The policy provides all risk coverage unless the insurer can carry the burden of demonstrating the application of an exclusion from coverage, which Cincinnati has failed to do.

19. On December 20, 2012 Cincinnati denied the claim. See Exhibit 2.

20. That denial was wrongful and not in accordance with the Policy.

21. On January 17, 2013 the Plaintiff provided a report from an Engineer who was familiar with the Insured Property before and after the storm and who attributes the damage to the storm. See Exhibit 3.

22. Despite this Cincinnati has failed and refused to provide coverage.

23. The Loss and damage therefrom is covered by the Policy of Insurance under the property coverages.

24. The Plaintiff's Loss and damage includes damages to the building and ensuing therefrom for approximately $234,744.13, and restoration of the pool at the approximate amount of $ 85,235, and temporary repair costs to allow for the temporary use of the pool, along with extra expenses, costs and expenses associated with the claim.

25. The Plaintiff made a claim on the Insurance Company for damages resulting from the Loss.

26. The Insurance Company thereafter accepted a portion of the claim and agreed to pay the same.

27. The Insurance Company has wrongfully denied the Plaintiff's claims under the property coverages in part.

28. Plaintiff has met all conditions necessary, if any exist, to bring this suit.

## COUNT I
### (Breach of Contract)

29. Paragraphs 1-28 are incorporated herein.

30. The policy of insurance provides coverage for the Loss associated with the insurance policy.

31. The Policy of Insurance was written by the Defendant, alone and the terms and provisions thereof were not subject to negotiation by the Plaintiff. The words and phrasing of the Policy are those chosen by the Defendant.

32. Defendant's failure to pay the claim in full and in a timely manner constitutes a breach of contract.

33. The Insurance Company has admitted liability under the Policy, and its subsequent denial is without force and effect. The Insurer is, however, in breach of the contract of insurance for its failure to pay the claim.

34. As a direct result of the failure to make full funding of undisputed funds in a timely manner, the Plaintiff has been deprived of the benefits of its bargained for prompt payment. As a result, any delays in restoration are attributable to the Defendant's failure.

35. The Plaintiff has been damaged as a result of Defendant's breach of the contract.

36. Plaintiff has complied with all terms and conditions necessary for payment, and those conditions have been waived by the Insurer.

WHEREFORE, the Plaintiff moves this Court to enter judgment against the Defendant The Cincinnati Insurance Company for such amount as is due under the policy in the amount of Ninety Thousand Dollars ($90,000), plus interest from the date of loss until the time of judgment at the legal rate, and at the judgment rate thereafter until paid, costs and such other relief as to this Court may seem just and mete.

TILDEN WOODS RECREATION ASSOCIATION, INC.
By Counsel

_____
C. Thomas Brown
(Maryland Bar No.: 17339)
Silver & Brown, P.C.
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 – Facsimile
Attorney for Plaintiff

5

## CERTIFICATION PURSUANT TO RULE 1-313

C. Thomas Brown, Esq. is admitted to practice before the Maryland Courts.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

_____
C. Thomas Brown